**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DIANE AMES,** | |
| Plaintiff, | CASE NO. 08-CV-6060 |
| v. | HON. DAVID H. COAR |
| **HOME DEPOT U.S.A., INC., a Delaware Corporation,** | MAG. JUDGE MARTIN C. ASHMAN |
| Defendant. | |

## DEFENDANT'S ANSWER AND
## DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Home Depot U.S.A., Inc., by its attorneys, LITTLER MENDELSON PC, submits the following Answer and Defenses to Plaintiff's Complaint.

## NATURE OF ACTION

1.      Defendant admits only that Plaintiff is alleging a claim under the FMLA. Defendant denies that it violated the FMLA for the reason that this allegation is not true.

## PARTIES

2.      On information and belief, Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5.      Defendant admits the allegations contained in Paragraph 5 of Plaintiff's

Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.      Defendant admits only that "Plaintiff began her employment with Defendant as a member of the" night "crew from on or about November 12, 2001. She was then promoted to" Freight Team "Supervisor in" August "2002" and became a Department Supervisor in July 2005, and remained "in that position until she was terminated", effective 12/23/06. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint to the extent that they are inconsistent with the foregoing responses for the reason that said allegations are not true.

9.      Defendant admits only that "at the time of Plaintiff's termination, Plaintiff was compensated at the rate of $14.95 per hour" and "Plaintiff was . . . paid at the rate of one and one half times her regular rate of pay ("overtime") for all hours worked in excess of forty (40) per workweek." Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint for the reason that said allegations are not true.

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint for the reason that said allegations are not true.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint for the reason that said allegations are not true.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint for the reason that said allegations are not true.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's

Complaint for the reason that said allegations are not true.

14.     Defendant admits only that Plaintiff "showed up for her scheduled shift on December 23, 2006." Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint for the reason that said allegations are not true.

15.     Defendant admits only that on December 23, 2006, Defendant "sent Plaintiff for a drug and alcohol test when she came in to work." Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint for the reason that said allegations are not true.

16.     Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and leaves Plaintiff to her proofs.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint for the reason that said allegations are not true.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint for the reason that said allegations are not true.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and leaves Plaintiff to her proofs.

21.     On information and belief, Defendant admits only that "On January 11, 2007, Plaintiff received notification, in a letter dated January 7, 2007, that Defendant had terminated her employment," for violation of substance abuse policy, effective December 23, 2006.

Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint to the extent that they are inconsistent with the foregoing responses for the reason that said allegations are not true.

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

22.     Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and leaves Plaintiff to her proofs.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint for the reason that said allegations are not true.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint for the reason that said allegations are not true.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint for the reason that said allegations are not true.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint for the reason that said allegations are not true.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint for the reason that said allegations are not true.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint for the reason that said allegations are not true.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint for the reason that said allegations are not true.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed and that a

judgment of no cause for action be entered in favor of Defendant together with costs and attorney fees.

## FIRST DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

### (Mitigation)

All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation.

## THIRD DEFENSE

### (Good Cause)

Although Plaintiff was an at-will employee, there was good cause for Plaintiff's discharge.

## FOURTH DEFENSE

### (Legitimate Business Reason)

There were legitimate business reasons for all actions of Defendant which Plaintiff claims are in violation the FMLA.

## FIFTH DEFENSE

### (No Evidence Of Pretext)

There is no evidence of pretext to counter Defendant's legitimate business reasons.

## SIXTH DEFENSE

### (FMLA Exhaustion)

Plaintiff exhausted her FMLA leave entitlement and is not protected by the FMLA.

## SEVENTH DEFENSE

### (Failure of Notice)

Plaintiff failed to give Defendant Home Depot reasonable notice of her alleged need for a leave as required by the FMLA.

## EIGHTH DEFENSE

### (No Misrepresentation)

There was no material misrepresentation of fact made by Defendant.

## NINTH DEFENSE

### (No Reliance)

There was no reliance by Plaintiff upon any alleged material misrepresentation of fact by Defendant.

## TENTH DEFENSE

### (No Proximate Cause)

There exists no proximate causation between any alleged act or alleged breach of duty by Defendant.

## ELEVENTH DEFENSE

### (Not Qualified for FMLA Leave)

Plaintiff's Complaint should be dismissed to the extent that the incident to which she refers in her Complaint was not a serious health condition or did not qualify her for benefits and/or leave under the Family and Medical Leave Act ("FMLA").

## TWELFTH DEFENSE

### (FMLA Exhaustion)

Plaintiff may have exhausted her FMLA leave entitlement and is not protected by the FMLA.

## THIRTEENTH DEFENSE

### (No Willful Conduct)

To the extent, if any, that Defendants are found to have violated the FMLA with respect to Plaintiff's Complaint (which Defendant denies), said violation was not willful.

## FOURTEENTH DEFENSE

### (Punitive Damages)

Defendant is not liable for punitive damages under state law because such damages are not permitted under state law. Furthermore, neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## FIFTEENTH DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

## RESERVATION OF RIGHT

Defendant reserves the right to file, upon completion of its investigation and discovery, such amended answers and defenses as may be appropriate.

_____/s/ Charles C. DeWitt, Jr._____
Charles C. DeWitt, Jr. (#P26636)

Charles C. DeWitt, Jr. (#P26636)
LITTLER MENDELSON PC
200 Renaissance Center
Suite 3110
Detroit, Michigan 48243
(313) 446-6401
(313) 446-6405 (FAX)
cdewitt@littler.com

Dated: December 18, 2008

**PROOF OF SERVICE**

The undersigned certifies that on December 18, 2008, the foregoing instrument was filed electronically with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ Charles C. DeWitt, Jr.
_____
Charles C. DeWitt, Jr.

-8-